IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Todd Parham, ) | |
| ) | Civil Action No. 6:14-3519-TMC-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| Greenville County Detention Center, ) | |
| Defendant. ) | |

       The plaintiff, a pre-trial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

       In the complaint, the plaintiff complains about not being able to place "prepaid" telephone calls and about the lack of a kosher diet. The plaintiff alleges that upon arrival at the detention center he was not allowed to place a phone call and, as of August 25, 2014, still has not been allowed to place a phone call because he arrived with no cash. The plaintiff also alleges that he has not been allowed to place a "prepaid" call. The plaintiff further argues that he requested a kosher diet upon his arrival on August 19th and still has not received it. He claims he is reluctantly eating fruits and vegetables that are not kosher. The plaintiff contends that he has made "many attempts in writing, verbally and electronically with no response" and that he being injured by the Greenville County Detention Center because they will not allow him to contact his family or receive a kosher

diet (comp. 2-3).  In his prayer for relief, the plaintiff seeks the dismissal of all charges, release from jail, $1,000 for every day that he has not been allowed to place a phone call, and $1,000 for every day that he has not received a kosher diet (*Id*. at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Greenville County Detention Center is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.  The detention center is a group of buildings or a facility.  Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law.  Hence, the Greenville County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983, *see Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases), and is, therefore, therefore, entitled to summary dismissal as a party defendant.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

September 24, 2014                             s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).